




CP:BSK
F. #2002R00970

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    PLEA AGREEMENT

  - against -                               02-1188 (S-5) (JS)
                                            04-CR-0126 (S-1) (EGS)
LUIS HERNANDO GOMEZ BUSTAMANTE,

              Defendant.

- - - - - - - - - - - - - - - - - -X

          Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the United States Attorney's Office for the Eastern

District of New York, the United States Attorney's Office for the

Southern District of New York, and the Narcotics and Dangerous Drug

Section of the Criminal Division of the United States Department of

Justice (the "Offices") and LUIS HERNANDO GOMEZ BUSTAMANTE (the

"defendant") agree to the following:

          1.    The defendant will plead guilty in the United States

District Court for the Eastern District of New York to Count Three

of the Fifth Superseding Indictment in the case of United States v.

Bustamante, et al., 02 CR 1188 (S-5) (JS) (EDNY), charging a

violation of 21 U.S.C. § 959 (the "EDNY Indictment"). Count Three

of the EDNY Indictment carries the following statutory penalties:

          a.    Maximum term of imprisonment: life [1]

---

          [1]   The Offices have given assurances to the Colombian
government that it will not seek a sentence of life on either the
EDNY Indictment or the RICO Indictment. The defendant

(21 U.S.C. §§ 960(a)(3) and 960(b)(1)(B)(ii)).

b. Minimum term of imprisonment: ten years
(21 U.S.C. §§ 960(a)(3) and 960(b)(1)(B)(ii)).

c. Minimum supervised release term: five years,
maximum supervised release term: life, to
follow any term of imprisonment; if a
condition of release is violated, the
defendant may be sentenced to up to 5 years
without credit for pre-release imprisonment or
time previously served on post-release
supervision
(18 U.S.C. § 3583(e); 21 U.S.C. §§ 960(a)(3)
and 960(b)(1)(B))

d. Maximum fine: $4 million
(21 U.S.C. §§ 960 (a)(3) and 960(b)(1)(B))

e. Restitution: Not applicable

f. $100 special assessment
(18 U.S.C. § 3013).

g. Other penalties: deportation/removal

2. The defendant will also plead guilty, in the United
States District Court for the District of Columbia, to Count One Of
the First Superseding Indictment in the case of United States v.
Bustamante, et al., 04-CR-126 (S-1) (EGS), charging a pattern of
racketeering activity in violation of 18 U.S.C. § 1962(c) (the
"RICO Indictment"). Count One of the RICO Indictment carries the
following statutory penalties:

a. Maximum term of imprisonment: life (18 U.S.C.

---

acknowledges that the Offices will advise the Court and the
Probation Department of all of his criminal conduct, including
any murders in which he participated or was responsible and any
other violent crimes in which he was involved.

§ 1963(a));

b.  Minimum term of imprisonment: none (18 U.S.C.
    § 1963(a);

c.  Minimum supervised release term: five years,
    to follow any term of imprisonment; if a
    condition of release is violated, the
    defendant may be sentenced to up to five years
    without credit for pre-release imprisonment or
    time previously served on post-release
    supervision (18 U.S.C. § 3583 (b),(e));

d.  Maximum fine: $250,000 or twice the gross
    pecuniary gain derived from the offense,
    or twice the gross pecuniary loss to
    persons other than the defendant
    resulting from the offense
    (18 U.S.C. § 3571);

e.  Restitution: Not applicable;

f.  $100 special assessment:(18 U.S.C. § 3013).

g.  Other penalties: deportation/removal

2.   The defendant understands that although imposition
of a sentence in accordance with the United States Sentencing
Guidelines (the "Guidelines") is not mandatory, the Guidelines are
advisory and the Courts in the Eastern District of New York and
District of Colombia (the "Courts") are required to consider any
applicable Guidelines provisions as well as other factors
enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate
sentence in this case.  The Offices will advise the Courts and the
Probation Departments of information relevant to sentencing,
including criminal activity engaged in by the defendant, and such
information may be used by the Courts in determining the

4

defendant's sentence.

3.    In   connection   with   Count   Three   of   the   Fifth
Superseding Indictment in the case of <u>United States v. Bustamante,</u>
<u>et al.</u>, 02 CR 1188 (S-5)(EDNY), the government estimates the likely
adjusted offense level under the Guidelines to be level 44, which
is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level: (U.S.S.G. 2D1.1(c)(1)) (150 kilograms or more of cocaine) | 38 |
| Plus: Possession of Dangerous Weapon (U.S.S.G. 2D1.1(b)(1)) | +2 |
| Plus: Use of an aircraft to import or export the controlled substance (U.S.S.G. 2D1.1(b)(2)) | +2 |
| Plus: Aggravating Role (U.S.S. G. 3B1.1(a)) | +4 |
| Less: Acceptance of Responsibility (U.S.S.G. 3E1.1(a)) | −2 |
| | 44 |

This  level  carries  an  estimated  sentence  of  life  imprisonment,
assuming  that  the  defendant  has  no  prior  convictions.    If  the
defendant pleads guilty on or before ~~July~~ June 26 1, 2008, the government
will move the District Court in the Eastern District of New York,
pursuant  to  U.S.S.G.  §  3E1.1(b),  for  an  additional  one-level
reduction,  resulting  in  an  adjusted  offense  level  of  43.    This
level  carries  an  estimated  sentence  of  life  imprisonment,  assuming
that  the  defendant  has  no  prior  convictions.    The  defendant
stipulates  to  the  above  Guidelines  calculation.  The  defendant
further  stipulates  that  his  Sentencing  Guideline  and  statutory

mandatory minimum sentence should be based on a quantity of more than 150 kilograms of cocaine and waives any right to a jury trial on this issue.

4.   In   connection   with   Count   One   of   the   First Superseding Indictment in the case of United States v. Bustamante, et al., 04-CR-126 (S-1) (EGS), the government estimates the likely adjusted offense level under the Guidelines to be level 44, which is predicated on the following Guidelines calculation:

> Pursuant to U.S.S.G. § 2E1.1, the base
> offense level for the conduct charged in
> Count Two of the RICO Indictment is the
> greater of 19, or the offense level
> applicable to the underlying racketeering
> activity. Because the underlying racketeering
> acts included conspiracy to manufacture and
> distribute cocaine to be imported into the
> United States and conspiracy to launder
> cocaine proceeds, and the applicable offense
> level for those acts is greater than 19,
> pursuant to U.S.S.G. §§ 2S1.1(a)(1) and
> 2D1.1(c)(1), the Base Offense Level is
> (150 kilograms or more of cocaine):                    38
>
> Plus: Possession of Dangerous Weapon
> (U.S.S.G. 2D1.1(b)(1)):                                +2
>
>
> Plus: Use of an aircraft to import or export the
> controlled substance (U.S.S.G. 2D1.1(b)(2)):          +2
>
> Plus: Aggravating Role (U.S.S. G. 3B1.1(a)):          +4
>
> Less: Acceptance of Responsibility (U.S.S.G. 3E1.1(a))  -2
>                                                         ——
>                                                         44

If the defendant pleads guilty in the District Court for the District of Columbia on or before May 1, 2008, the government will move the district court in the District of Columbia, pursuant to

U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 43.

5.   The defendant agrees to fully assist the Government of Colombia in the forfeiture of all assets currently subject to forfeiture in Colombia and to waive all right and title to all assets currently subject to forfeiture in Colombia.  The defendant agrees to execute any documents necessary to effectuate the surrender and forfeiture of said assets to the government of Colombia.

6.   The sentences imposed on each Indictment may, under applicable statutes and the United States Sentencing Guidelines, run consecutively; however, the Offices agree to recommend to the Courts that any sentence imposed upon the defendant in one district shall run concurrent to any sentence imposed upon the defendant in the other district.

7.   The Guidelines estimates set forth in paragraphs 3 and 4 are not binding on the Offices, the Probation Department or the Courts.  If the Guidelines offense level advocated by the Offices, or determined by the Probation Departments or the Courts, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the Offices will not be deemed to have breached this agreement.  If the Guidelines calculation of the Courts is different from the Guidelines estimate set forth in paragraph 2,

the defendant will not be entitled to withdraw the guilty plea.

8.   The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Courts impose a term of any specific number of months on either the EDNY Indictment or the RICO Indictment, or both, other than a sentence of life imprisonment.   This waiver is binding without regard to the sentencing analysis used by the Courts.   The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.   The defendant waives any right to additional disclosure from the Offices in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.   The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

9.   The Offices agree that:

a.   no further criminal charges will be brought against the defendant for knowingly and intentionally conspiring to distribute a controlled substance, intending and knowing

> that such substance would be imported into the
> United States from a place outside thereof,
> engaging in a continuing criminal enterprise
> and engaging in racketeering activity between
> the time period January 1990 through July 1,
> 2007, it being understood that this agreement
> does not bar the use of such conduct as a
> predicate act or as the basis for a sentencing
> enhancement in a subsequent prosecution
> including, but not limited to, a prosecution
> pursuant to 18 U.S.C. §§ 1961 et seq., and at
> the time of sentence, it will move to dismiss
> the remaining counts of the indictments any
> underlying indictmentS with prejudice;

and, based upon information now known to the Offices, it will

> b.   take no position concerning where within the
>      Guidelines range determined by the Courts the
>      sentence should fall; and
>
> c.   make no motion for an upward departure under
>      the Sentencing Guidelines.

If information relevant to sentencing, as determined by the
Offices, becomes known to the Offices after the date of this
agreement, the Offices will not be bound by paragraphs 8(b) and
8(c). Should it be judged by the Offices that the defendant has
violated any provision of this agreement, the defendant will not be
released from his plea of guilty but the Offices will be released
from its obligations under this agreement, including but not
limited to (a) moving for the additional one-level downward
adjustment for timely acceptance of responsibility described in
paragraph 2 above, and (b) the provisions of paragraph 8 (a)-(c).

          10.   This agreement binds only the United States
Attorney's Office for the Eastern District of New York, the United

States Attorney's Office for the Southern District of New York and the Narcotics and Dangerous Drugs Section, and does not prohibit these Offices from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

11. Apart from the written proffer agreement dated November 13, 2007, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from the written proffer agreement dated November 13, 2007, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:      Brooklyn, New York
            ~~March~~ ____, 2008
            June 26

                                BENTON J. CAMPBELL
                                United States Attorney
                                Eastern District of New York

                     By: _____
                                Bonnie S. Klapper
                                Assistant United States Attorney


                     Approved by: _____


                     _____
                     Supervising Assistant U.S. Attorney

                          MICHAEL J. GARCIA

By:  _____
     Rebecca Monck Ricigliano
     Assistant United States Attorney


Approved by:

_____
Anirudh Bansal, Chief
International Narcotics Trafficking Unit


     WAYNE RAABE
     Acting Chief, NDDS
     Criminal Division
     U.S. Department of Justice

By:  _____
     Glenn C. Alexander
     Trial Attorney


I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Defendant
Luis Hernando Gomez Bustamante

Approved by:                          Translated by:

_____   _____
Counsel to Defendant
Umberto Dominguez